**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

In re: Appeal of Edward Stanak    }
and Joellen Mulvaney             }
                                 }    Docket No. 101-7-01 Vtec
                                 }
                                 }

**Decision and Order**

Appellants appealed from a decision of the Development Review Board (DRB) of the City of Barre granting to Appellee-Applicant Independent Wireless One Leased Realty conditional use approval and site plan approval to install wireless communications equipment on the North Barre Manor building. Appellants are represented by Paul S. Gillies, Esq.; Appellee-Applicants are represented by Craig Weatherly, Esq.; and the City is represented by Oliver L. Twombly, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence and the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellee-Applicant proposes to install wireless communications transmitters and receivers in flat panels on the outside of the elevator penthouse walls atop the North Barre Manor elderly housing apartment building. The proposed equipment will not project above the elevator penthouse, but will occupy space above the maximum height limit for the district. We resolved Questions 2, 3, 4 and 5 on summary judgment, and held an evidentiary hearing on the questions remaining in the appeal: whether the proposal could qualify for approval under ' 5.1.07 and therefore qualify as a complying alteration under ' 5.1.04, and if not, whether this permit must be granted by operation of federal preemption.

Because the elevator penthouse is constructed of brick, the antennas cannot be placed inside the elevator penthouse as it now exists. They can only be placed inside a structure with panels made of materials, such as plastic or cloth, transparent to radio frequencies. When Appellee-Applicant installs such antennas inside an existing silo or church tower, it must replace a section of the siding with such a panel. No evidence was presented regarding the feasibility of installing a plastic panel in the elevator penthouse of the North Barre Manor.

Because the proposed alteration of the building exterior, although slight, is within the height nonconformity, it does not comply with the standards of the district under ' 5.1.04(b), unless it otherwise receives approval under ' 5.1.07. The evidence was undisputed at trial that it does not qualify for consideration under ' 5.1.07 because the elevation of the building site is only 625 feet above sea level.

Because the application does not qualify for placement in the proposed location under the City of Barre Zoning Regulations, the appeal must be upheld and the application must be denied, unless this particular location must be approved as a matter of federal preemption.

As we ruled on summary judgment, to find preemption in the present case for the present application, it would be necessary for the applicant to show that this particular location is necessary to provide service in this area, and that service cannot be accomplished from any other sites or combinations of sites.

At present, two other wireless communications providers serve the City of Barre from towers located in East Barre, in Graniteville, and on Irish Hill in Berlin, although that service is not without gaps. The technology associated with the radio frequency spectrum used by Appellee-Applicant, as opposed to that used by these other providers, means that Appellee-Applicant would be able to provide service to parts of the city of Barre but not to the entire city from those locations.

Appellee-Applicant could locate antennas on the Barre Auditorium (BOR) which has been approved for yet another wireless communications provider= s antennas. That location would result in Appellee-Applicant= s experiencing some gaps in service to the north on 302. Appellee-Applicant is also pursuing an unidentified site in or to the north of the city of Barre. That location alone would also result in > significant= gaps in coverage to the south. Appellee-Applicant could attain adequate coverage if it developed both sites (the auditorium together with the unidentified site in or to the north of Barre) but prefers to locate on the single site on North Barre Manor.

 In addition, Appellee-Applicant could provide adequate service to the downtown Barre area from an antenna across Route 62 above the 900 foot elevation (and therefore qualifying for consideration under ' 5.1.07 of the zoning regulations). However, no existing power poles are strong enough to support an antenna; Appellee-Applicant would have to either build a tower or arrange to improve or substitute a tower for a pole now supporting electrical transmission wires. Otherwise, no technical problem precludes the co-location of a wireless communications tower on a structure supporting electric transmission wires or cables.

It may well be an excellent policy to promote the location of wireless communications antennas on existing tall structures. However, no state regulation requires municipalities to insert such provisions in their zoning regulations (compare 24 V.S.A. ' 4406 and ' 4409(a) with ' 4407(19)) and the City of Barre regulations do not contain such a provision. The Court cannot impose such a policy when neither state nor municipal regulations require or allow it.

Because Appellee-Applicant could provide the service it seeks to provide through this application from other sites or combinations of sites, the federal Telecommunications Act of 1996 does not require the preemption or overriding of the City of Barre zoning regulations or the approval of Appellee-Applicant= s application.

Accordingly, based on the foregoing and the February 2002 summary judgment order in this case, it is hereby ORDERED and ADJUDGED that Appellee-Applicant= s application to place wireless communications antennas on the exterior of a non-conforming building (North Barre Manor) is DENIED.

Done at Barre, Vermont, this 24th day of October, 2002.


_____
Merideth Wright
Environmental Judge